# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLES DALE WILKINS,** | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 15-190-RAW-SPS |
| **JERRY CHRISMAN, et al.,** | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on Defendants Chrisman, Reed, Birchfield, and Khetpal's motions to dismiss. The court has before it for consideration Plaintiff's complaint (Dkt. 1), Defendants' motions (Dkts. 20, 22), and Plaintiff's response (Dkt. 27).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for injuries that occurred during his incarceration at that facility. The defendants are Jerry Chrisman, MACC Warden; Courtny Reed, MACC Correctional Officer; Dr. Carole M. Dentina, Radiologist at Atoka County Medical Center in Atoka, Oklahoma; Dr. Vivek Khetpal, Physician at the Medical Center of Southeastern Oklahoma in Durant, Oklahoma; and MACC Medical Administrator Brenda Birchfield. All defendants are sued in their individual and official capacities. (Dkt. 1 at 1-2).

Plaintiff alleges that on March 4, 2014, his Oklahoma Department of Transportation (ODOT) crew left MACC for work, when their van broke down. Defendant Courtny Reed arrived in a transport van which the work crew boarded. Officer Reed then suddenly accelerated the van and collided with a truck and the trailer being pulled by the truck. Plaintiff claims he was thrown around inside the transport van. He was removed from the van, complaining of chest, shoulder, and leg pain, and transported to the Atoka County

Medical Center.

A CT scan was performed, and Defendant Dr. Carole M. Dentina reported she found no evidence of acute trauma to Plaintiff's chest. Plaintiff next was transferred to the Medical Center of Southeast Oklahoma in Durant, Oklahoma, where he underwent further examination by Defendant Dr. Vivek Khetpal. Dr. Khetpal found the CT scan impression of Plaintiff's chest and abdomen was negative, and there was no significant evidence of acute fractures warranting further evaluation. Dr. Khetpal discharged Plaintiff on March 8, 2014, and advised him to begin increasing his activities, but to stay off work for at least one week and to adhere to a low-salt diet. Plaintiff was returned to MACC.

Plaintiff alleges he continued to complain about his shoulder, chest, and abdominal areas, as well as the lack of proper medical treatment from the MACC medical staff. On September 8, 2014, Dr. Mitsi Faubion informed him that he had a broken sternum, severe trauma to his left shoulder warranting immediate surgery, several broken ribs, and a chipped bone in his knee. Plaintiff claims he suffered more than six months before MACC officials disclosed the full extent of his injuries from the March 4, 2014, accident. Plaintiff further asserts he received notice that he will be billed for all his medical expenses in connection with the accident. He claims the conduct of the defendants in this matter has caused him unwarranted suffering because of his overwhelming pain and emotional distress.

**Standard of Review for Fed. R. Civ. P. 12(b)(6)**

In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*. With these standards in mind, the court turns to the merits of the defendants' motion.

**Oklahoma Governmental Tort Claims Act**

Plaintiff alleges Defendant Cortny Reed negligently operated a state vehicle that was transporting Plaintiff and other inmates to their prison jobs with ODOT. (Dkt. 1 at 1). Plaintiff specifically states that Reed's alleged negligence occurred while Reed was "acting in the course and scope of his employment with the Oklahoma Department of Corrections." (Dkt. 1 at 4-5). Plaintiff, therefore, is asserting a state tort claim of negligence against Defendant Reed in his position as a correctional officer at MACC.

The Oklahoma Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, § 151, is the exclusive remedy by which an injured plaintiff may recover against the State of Oklahoma for alleged torts. *Fuller v. Odom*, 741 P.2d 449, 451 (Okla. 1987). Filing a tort claim against an employee in his official capacity is an attempt to impose liability upon the governmental entity under the GTCA and is dependent upon an employee acting within the scope of his employment. For this type of tort claim, Plaintiff's designation of an employee in his official capacity is improper. *Id.*; Okla. Stat. tit. 51, § 163(C).[1] In addition, to the

---

[1] "Suits instituted pursuant to the provisions of [the Governmental Tort Claims Act] shall name as defendant the state or the political subdivision against which liability is sought

3

extent the complaint is construed as asserting negligence claims against Defendants Birchfield and Chrisman, these defendants also are named improperly.

As individual officers, the state defendants are immune from suit pursuant to Okla. Stat. tit. 51, § 163(C). Therefore, any tort claims against the defendants in their individual capacities are barred by the GTCA. Furthermore, punitive damages are prohibited by Okla. Stat. tit. 51, § 154(C).

The GTCA provides a specific exemption from liability to Defendant Reed for the alleged acts. Pursuant to Okla. Stat. tit. 51, § 155(25), a defendant is exempt from liability for claims arising from the "[p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility . . . ." In addition, "[t]he exemption from tort liability as provided in Section 155(24)[2] is all inclusive for tort claims." *Gibson v. Copeland*, 13 P.3d 989, 992 (Okla. Ct. App. 2000) (citing *Medina v. State*, 871 P.2d 1379 (Okla. 1993)). *See also Horton v. State*, 915 P.2d 352, 354 (Okla. 1996) (noting that the State and its political subdivisions are "immune from tort liability to inmates under 155(24) for the infinite numbers of activities that are involved in prison operations"). According to *Medina* and its progeny, the exemption applies to preserve sovereign immunity against practically any loss or injury, whether to an inmate or other person, resulting from practically any act undertaken in the operation of a prison. *See Medina*, 871 P.2d at 1383 n.13. Moreover, the exemption under § 155(25) bars an inmate's negligence claim against prison officials for an injury that occurred while the inmate's work crew was assigned to a project for another state agency. *Purvey v. State*, 905 P.2d 770 (Okla. 1995). Therefore, the state defendants are exempt from liability arising from such acts, and Defendant Reed is dismissed from this action. Any negligence claims that may be construed against Defendant Birchfield and Chrisman also are dismissed.

---

to be established. In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . ." Okla. Stat. tit. 51, §163(C).

[2] Effective November 1, 2012, Section 155(24) was recodified as Section 155(25).

4

**Eleventh Amendment Immunity**

Plaintiff is suing Defendants Birchfield and Chrisman pursuant to 42 U.S.C. § 1983 for alleged violations of his rights under the Eighth and Fourteenth Amendments. The official capacity claims against these defendants are actually claims against the State of Oklahoma. "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F .3d 1186, 1196 (10th Cir.1998). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

The court, therefore, grants the defendants' motion to dismiss all official-capacity claims against Defendants Birchfield and Chrisman. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

**Personal Participation of Defendants Jerry Chrisman and Brenda Birchfield**

Defendants Chrisman and Birchfield allege that even if the court were to find Plaintiff had sufficiency stated a claim for the alleged constitutional violations, he has failed to link these defendants to the constitutional violations. Plaintiff asserts Defendant Chrisman violated his Eighth and Fourteenth Amendment rights, but presents no factual allegations regarding Chrisman. Plaintiff claims Chrisman is "guilty of negligence by improperly supervising the situation, his medical staff and/or in maintaining employees working under the scope of his organization." (Dkt. 1 at 2). In addition, Chrisman "was/is responsible for arranging for specialized care in a prompt and efficient manner under the circumstances, outside the prison." *Id*. at 8. Plaintiff, however, has not established any actions by Chrisman that rise to the level of a constitutional violation.

Plaintiff alleges "Defendant Birchfield is responsible for medical care generally and

5

for arranging for prompt specialized medical care outside the prison, but did nothing to disprove Dr. Dentina and Khetpal's findings." (Dkt. 1 at 8). Birchfield is the medical administrator, not a medical provider, and Plaintiff does not assert that Birchfield had any knowledge or involvement in the decisions regarding his medical care.

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Because Plaintiff has failed to show that Defendants Chrisman and Birchfield personally participated in the alleged constitutional violations, they must be dismissed from this action.

**Defendant Dr. Vivek Khetpal**

Plaintiff also has sued Dr. Vivek Khetpal, a physician who examined Plaintiff at the Medical Center of Southeastern Oklahoma, after he was transferred from the Atoka County Medical Center. He asserts Dr. Khetpal was an employee of the Medical Center of Southeastern Oklahoma who "was operating in the course and scope of employment as the physician on duty. . . ." (Dkt. 1 at 6). Without presenting any facts in support, Plaintiff further alleges that Dr. Khetpal "at all times relevant, was acting under color of state law in committing malpractice by failing to utilize ordinary knowledge, skill, and care . . . [and] [t]his defendant is being sued in her individual and official capacity." (Dkt. 1 at 2).

He further claims Dr. Khetpal told him and wrote in her diagnoses report that Plaintiff's chest and abdomen CT-Scan was negative, and there was "no significant evidence of acute fracture to warrant further evaluation." (Dkt. 1 at 6). The report noted that "Plaintiff was to start increasing activities and was told not to go back to work for at least one week." *Id.* Plaintiff claims Dr. Khetpal committed malpractice "by failing to utilize her ordinary knowledge, skill, and care in both ignoring Plaintiff's concerns about his conditions

stemming from the vehicle accident by deliberately and incorrectly diagnosing the true extent of Plaintiff's injuries suffered as a result of the accident . . ." *Id*. at 3-4.

Dr. Khetpal has filed a motion to dismiss (Dkt. 20), alleging Plaintiff has not stated a claim. "To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Pino v. Higgs*, 75 F.3d 1461, 1464 (10th Cir. 1996) (quoting 42 U.S.C. § 1983). The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). Here, the court finds Plaintiff has failed to demonstrate Defendant Khetpal acted under color of state law, so he has failed to state a claim under § 1983.

The preceding analysis disposes of plaintiff's claims arising under federal law, and, consequently, the basis for federal subject matter jurisdiction. "Under these circumstances, the district court may decline to exercise continuing 'pendent' or supplemental jurisdiction over plaintiff's state claims." *Lancaster Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966)). To the extent Plaintiff is alleging claims of malpractice, negligence, or intentional infliction of emotional distress against Dr. Khetpal, the court declines jurisdiction over such state law claims.

**Defendant Dr. Carole Dentina**

Finally Plaintiff asserts claims against Dr. Carole Dentina, a radiologist who examined Plaintiff at the Atoka County Medical Center after the accident. He claims Dr. Dentina, the emergency room physician on duty, was acting under color of state law when she committed malpractice in examining his X-rays. (Dkt. 1 at 1, 6). He contends Dr. Dentina "failed to

7

utilize ordinary knowledge, skill, and care in both ignoring the Plaintiff's concerns with respect to injuries and incorrectly diagnosing the true extent of Plaintiff's injuries after reviewing CT-Scan impression." *Id.* He is suing Dr. Dentina in her individual and official capacities.

A review of the record shows that Plaintiff has not served Dr. Dentina with this lawsuit. On October 27, 2015, the Process Receipt and Return was returned unexecuted with the notation that this defendant was not at the address listed on the form. (Dkt. 32). On October 28, 2015, Plaintiff was directed to show cause by November 11, 2015 for his failure to serve Dr. Dentina in accordance with Fed. R. Civ. P. 4(m). (Dkt. 33). Plaintiff responded on November 9, 2015, claiming he believed Dr. Dentina had been served (Dkt. 34). On January 22, 2016, Plaintiff sent a letter to the Magistrate Judge , and on March 28, 2015, he requested additional time for service. (Dkt. 37).[3]

After careful review, the court finds Plaintiff has not shown good cause for his failure to serve Defendant Dr. Dentina in accordance with Fed. R. Civ. P. 4(m), and service of this defendant would be futile. As with Defendant Dr. Khetpal, Plaintiff has failed to show that Dr. Dentina "acted under color of state law," a jurisdictional requisite for a § 1983 action. Furthermore, the court would decline jurisdiction over any state-law claims against Dr. Dentina. Therefore, Dr. Dentina is dismissed without prejudice from this action, pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,** Plaintiff's state-law claims against Defendants Jerry Chrisman, Courtny Reed, and Brenda Birchfield in their individual capacities are DISMISSED WITHOUT PREJUDICE, pursuant to the Oklahoma Governmental Tort Claims Act. Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendants Chrisman and Birchfield in their official capacities are DISMISSED WITHOUT PREJUDICE pursuant to the Eleventh Amendment. Plaintiff's individual-capacity claims pursuant to 42 U.S.C. § 1983

---

[2] The March 28, 2016, motion (Dkt. 37) was erroneously granted by the court on March 29, 2016 (Dkt. 38). The minute order granting the motion subsequently was stricken (Dkt. 39).

against Defendants Chrisman and Birchfield are DISMISSED WITH PREJUDICE for plaintiff's failure to demonstrate the personal participation of Chrisman and Birchfield in the alleged constitutional violations. Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Dr. Vivek Khetpal are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure establish that Dr. Khetpal acted under color of state law, and the court the court declines jurisdiction over any state law claims against Dr. Khetpal. Plaintiff's claims against Dr. Carole Dentina are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 31st day of March 2016.

**Dated this 31st day of March, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma